FILED by MM D.C.
MAR 20 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

BELKIS SANCHEZ, and other
similarly situated individuals,

    Plaintiff,

v.

ACADEKIDS PRE-SCHOOL AND
LEARNING CENTER CORP.,
NELLYS PETRONE SANABRIA,
MAIDELIS PAZO,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Belkis Sanchez ("Plaintiff"), on behalf of herself and other similarly situated individuals, brings this Complaint against Acadekids Pre-School and Learning Center Corporation ("Acadekids"); Nellys Petrone Sanabria ("Petrone"); and Maidelis Pazo ("Pazo" and collectively, "Defendants") to recover monetary damages, liquidated damages, interests, and costs for violations of the Fair Labor Standards Act's ("FLSA[']s") overtime and record-keeping requirements, and in support thereof state as follows:

### NATURE OF ACTION

1. Defendants unlawfully failed and refused to pay Plaintiff and other similarly situated employees overtime pay for overtime work for which they are entitled under the FLSA, notwithstanding Plaintiff and other similarly situated employees are not and have not been exempt from overtime pay.

2. Defendants' practices violate the FLSA, 29 U.S.C. §§ 201 *et seq.*

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. §§ 201 *et seq.*

4. Jurisdiction and venue are also proper under 28 U.S.C. § 1391(b)–(d), as the acts and omissions giving rise to this action occurred in Miami-Dade County, Florida, and within this district and division.

5. Acadekids is a registered Florida for profit corporation which regularly conducted business in Miami-Dade County.

6. Defendants conduct business and employed Plaintiff and other similarly situated individuals within this district and division.

7. Plaintiff and other similarly situated individuals are employees who regularly were engaged in commerce.

8. Acadekids is an enterprise engaged in commerce. It purchases goods produced out of state; otherwise regularly purchases and handles products that have traveled in interstate commerce for use in its business; and has an annual gross volume of at least $500,000. *See* 29 U.S.C. § 203(s)(1)(A)(i)(ii).

## PARTIES

9. Plaintiff is a resident of South Florida and was employed as a teacher at Acadekids from about 2009 until February 28, 2017.

10. Other similarly situated individuals are residents of South Florida and worked as teachers at Acadekids from 2009 to 2017 performing similar work.

11. Acadekids is a registered Florida for profit corporation with its principal place of business in South Florida, engaged in commerce in the field of childcare. At all relevant times,

Acadekids, along with its employees, engaged in interstate commerce and has an annual minimum gross volume of $500,000. Acadekids employed Plaintiff and other similarly situated individuals.

12. Petrone is a resident of Miami-Dade County, Florida and was, and now is, the owner and president of Acadekids. Petrone acts directly in the interest of Acadekids and has the authority to direct and control Acadekids' employees. She is an employer of Plaintiff and other similarly situated individuals within the meaning of 29 U.S.C. § 203(d). She hired and fired employees, determined the rate of compensation, and was responsible for ensuring employees were paid the wages required by the FLSA.

13. Pazo is a resident of Miami-Dade County, Florida, and was, and now is, the director of Acadekids. Pazo acts directly in the interest of Acadekids and has the authority to direct and control Acadekids' employees. She is an employer of Plaintiff and other similarly situated individuals within the meaning of 29 U.S.C. § 203(d). She hired and fired employees, determined the rate of compensation, and was responsible for ensuring employees were paid the wages required by the FLSA.

**FACTUAL ALLEGATIONS**

14. Plaintiff and all other similarly situated individuals have satisfied all conditions precedent, or they have been waived.

15. Plaintiff was employed as a teacher at Acadekids from about 2009 until February 28, 2017.

16. Other similarly situated individuals were employed at Acadekids from about 2009 to 2017.

17. Plaintiff was paid $9.00 an hour commencing in 2013 and $8.50 before 2013, for 40 hours, but was not paid overtime.

18. Other similarly situated individuals were paid $8.50 an hour for 40 hours but were not paid overtime.

19. Defendants failed to keep any time records relating to Plaintiff's and other similarly situated individuals' overtime hours.

20. Plaintiff and other similarly situated individuals occasionally worked over 40 hours a week for Defendants and were entitled to compensation for these overtime hours at a rate equal to one and one-half times of her hourly rate.

21. Defendants required Plaintiff and other similarly situated individuals to work off the clock hours during mornings, evenings, and weekends.

22. Defendants required Plaintiff and other similarly situated individuals to attend mandatory staff training meetings after work hours during the weekdays and did not pay the employees, let alone pay them overtime. These training meetings were for the primary benefit of Defendants and were necessary, integral, and indispensable to Defendants. Such that when Plaintiff protested about attending these after work hours training meetings and missed one of the meetings in February 2017, Defendants sanctioned Plaintiff by sending her home for a week without pay in violation of 29 U.S.C. § 215(a)(3).

23. Defendants required Plaintiff and other similarly situated individuals to attend mandatory Acadekids' graduations during weekends; where Plaintiff and other similarly situated individuals supervised and took care of the daycare children during the graduation activities. Defendants did not pay Plaintiff and other similarly situated individuals for this time, let alone pay them overtime.

24. Defendants mandated Plaintiff and other similarly situated individuals complete numerous yearly childcare training courses outside of work hours. These courses were for the primary benefit of Defendants and are integral and indispensable to Acadekids' principal activities. Defendants specified these training courses were necessary for Plaintiff and other similarly situated individuals to perform their duties. Defendants mandated Plaintiff and other similarly situated individuals complete these training courses outside of regular work hours—during the weekends and evenings. Defendants did not pay Plaintiff and other similarly situated individuals for this time, let alone pay them overtime.

25. Defendants mandated Plaintiff and other similarly situated individuals complete work activities outside of work hours. Defendants required Plaintiff and other similarly situated individuals prepare lesson plans, child arts-and-crafts activities, classroom decorations, and other childcare activities, outside of regular work hours. These work activities were for the primary benefit of Defendants and are integral and indispensable to Acadekids' principal activities. Defendants did not pay Plaintiff and other similarly situated individuals for this time, let alone pay them overtime.

26. Defendants failed to pay Plaintiff and other similarly situated individuals overtime when they worked before their shift began. The work completed before the employees' shift was for the primary benefit of Defendants and integral and indispensable to Acadekids' principal activities

27. Plaintiff and other similarly situated individuals complained to Defendants about being forced to work overtime without compensation. Defendants responded these activities were mandatory but they would not pay the employees for this time. Defendants took retaliatory

adverse actions against Plaintiff and other similarly situated individuals who complained—such as sanctioning the employees—all in violation of 29 U.S.C. § 215(a)(3).

28. Defendants failed to pay Plaintiff and other similarly situated individuals any overtime for all of the overtime hours they worked, in violation of the FLSA.

## COUNT I
## UNPAID OVERTIME IN VIOLATION OF THE FLSA

29. Plaintiff and other similarly situated individuals re-allege and incorporate paragraphs 1 through 28 as if fully set forth herein.

30. Plaintiff and other similarly situated individuals are covered, non-exempt employees under the FLSA and are entitled to unpaid overtime hours. *See* 29 U.S.C. §207.

31. Plaintiff and other similarly situated individuals frequently worked over 40 hours without being compensated by Defendants for any of their overtime.

32. Defendants failed to compensate Plaintiff and other similarly situated individuals up to one and a half times the hourly rate for all work performed in excess of 40 hours.

33. Defendants' failure to properly compensate Plaintiff and other similarly situated individuals violate the FLSA.

34. Defendants failed to make, keep, and preserve accurate records with respect to Plaintiff and other similarly situated individuals sufficient to determine the wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et. seq.*, including 29 U.S.C. § 211(c) and § 215(a).

35. Defendants knew and/or showed reckless disregard of the FLSA provisions concerning the payment of overtime wages. Defendants were aware Plaintiff and other similarly situated individuals worked over 40 hours per week. Defendants were aware of Plaintiff's and other similarly situated individuals' pay records and the rate they were compensated for their

hours. Despite Defendants knowledge of Plaintiff's and other similarly situated individuals' hours and their failure to pay overtime wages, Defendants did not change their pay practices and continued to fail to pay Plaintiff and other similarly situated individuals overtime wages.

36. Defendants took retaliatory adverse actions against Plaintiff and other similarly situated individuals in violation of 29 U.S.C. § 215(a)(3).

37. As a direct and proximate result of Defendants' action, Plaintiff and other similarly situated individuals have suffered damages.

38. Plaintiff and other similarly situated individuals are entitled to unpaid overtime, liquidated damages, prejudgment interest, attorneys' fees and costs, and other penalties.

**WHEREFORE**, Plaintiff and other similarly situated individuals requests that judgment be entered in their favor and against Defendants, jointly and severally, under the FLSA. Furthermore, that Plaintiff and other similarly situated individuals be awarded back payments, liquidated damages, pre and post-judgment interest, attorneys' fees and costs, and any further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and other similarly situated individuals demand a trial by jury of all issues to triable as a matter of right.

Date: March 20, 2017                                                          Respectfully submitted,


*Sanchez* (signature)
**BELKIS SANCHEZ**
*Plaintiff*
5306 SW 141st PL
Miami, FL 33175
Telephone: (786) 301-6536
Email: belkisjulia@hotmail.com